IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN TEVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-00660-MDH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of his application for Social Security Disability Insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434 and his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. Plaintiff has exhausted his administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it, and for the reasons set forth herein, **REVERSES AND REMANDS** the decision of the Commissioner of Social Security for additional evaluation of the record consistent with this Order.

## BACKGROUND

Plaintiff filed his application for Title II benefits on November 10, 2011 alleging he became disabled on January 1, 2000. However, his insured status under Title II ended on September 30, 2003. Plaintiff also filed an application for supplemental security income under Title XVI on November 10, 2011. The relevant time period for that claim begins on November 10, 2011 through the date of the ALJ's decision. His applications were initially denied on

February 28, 2012. Plaintiff requested a hearing before an Administrative Law Judge and a hearing was held on March 19, 2013. At the hearing, the ALJ heard testimony from Plaintiff, Dr. Malancharuvil, Ph.D., an impartial medical expert, and Ms. Hetrick, a vocational expert. The ALJ issued her decision denying benefits on April 2, 2013. Plaintiff then requested review by the Appeals Council, which was denied on May 30, 2014.

Plaintiff was born on October 25, 1977. Plaintiff claims he became disabled beginning January 1, 2000.[1] The ALJ found that Plaintiff had severe impairments that included mood disorder, not otherwise specified; generalized anxiety disorder; obsessive-compulsive disorder; personality disorder; not otherwise specified; lumbar disc disease; status post lumbar microdisectomy; and history of past alcohol abuse (in remission since August 2011). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found that Plaintiff was not disabled and could perform work that exists in significant numbers in the national economy, including bottling line attendant, agricultural sorter or sales attendant.

Plaintiff claims the ALJ's finding is not supported by substantial evidence on the record as a whole because the ALJ improperly evaluated medical opinion evidence; the ALJ's RFC finding is not supported by substantial evidence in the record as a whole; and the ALJ erred in assessing Plaintiff's credibility.

### DISCUSSION

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040,

---

[1] Plaintiff's application summary states he became disabled on January 1, 2000. At the hearing the alleged onset date was stated to be April 1, 2001. Also, at the hearing Plaintiff's attorney requested that in exchange for a favorable decision Plaintiff would abandon the Title II claim and amend the onset date to November 20, 2011.

1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.,* citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

In order to qualify for benefits under the Social Security Act and the accompanying regulations, Plaintiff must establish he is disabled. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010); citing, *Pate–Fires v. Astrue,* 564 F.3d 935, 942 (8th Cir. 2009). "Disability is defined as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" *Id.*, quoting 42 U.S.C. § 1382c(a)(3)(A). To determine disability, the ALJ follows an established five-step process that considers whether: (1) the claimant was employed; (2) he was severely impaired; (3) his impairment was, or was comparable to, a listed impairment; (4) he could

3

perform past relevant work; and if not, (5) whether he could perform any other kind of work. *Id.*, citing, 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a).

    A. **The ALJ's Consideration of Medical Opinion Evidence.**

Generally, a treating physician's opinion is given at least substantial weight under the Social Security Administration regulations. 20 C.F.R. §§ 404.1527(c), 416.927(c), see also, *Brown v. Colvin,* 2014 WL 1687430 *2 (W.D. Mo. 2014). However, such an opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Colvin*, 2014 WL 1687430, at *2 (W.D. Mo. Apr. 29, 2014); citing, *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). Rather, an "ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions." *Id.*; citing, *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

"In determining how much weight to accord a physician's opinion, the ALJ must take into account a variety of considerations including: whether the opinion is supported with facts and evidence; whether the opinion is consistent with other evidence and opinions, including the physician's own notes; and whether the physician's specialty gives her greater credibility." *Id,* citing, 20 C.F.R. §§ 404.1527(c), 416.927(c); and *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012). The 8th Circuit has stated § 404.1527(d)(2) provides that a treating physician's opinion is accorded controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *Prosch v. Apfel*, 201 F.3d 1010, 1014 (8th Cir. 2000), citing, 20 C.F.R. § 404.1527(d)(2).

Here, the ALJ resolved conflicts, if any, in the medical records by taking into account the record as a whole, including Plaintiff's own testimony, the medical records, and the opinion of Dr. Malancharuvil. One of the ALJ's functions is to resolve any conflicts in the evidence. See *Pearson v. Massanari,* 274 F.3d 1211, 1219 (8th Cir. 2001).

Here, the ALJ discussed the records from Dr. Piepergerdes. The ALJ noted the mixed assessments throughout Dr. Piepergerdes' records and stated taking those inconsistencies into consideration with Plaintiff's own testimony, the combination of inconsistencies and testimony cast doubt on the credibility and reliability of the records and evidence. The ALJ found that the facts and evidence did not support the opinion and that it was inconsistent with not only Dr. Piepergerdes' own notes, but also the other evidence.

Plaintiff argues the ALJ failed to explain the weight given to every medical source in the record. However, the ALJ's determination sets forth the reasons for discounting the credibility of certain medical records as referenced by the ALJ. Further, the ALJ noted Plaintiff testified he was able to drive, care for his children, take them to medical appointments, and had two children ages 2 and 4 years old with a prior partner, as well as a new wife of 18 months. The ALJ noted that despite his alleged social anxiety he had been able to establish romantic relationships, become engaged and had recently married his current spouse. The ALJ further noted the medical records indicate Plaintiff had no problems interacting with the medical staff he engaged with but at the same time had not engaged in any therapy despite recommendations to do so. The ALJ determined that Plaintiff had failed to attempt any counseling to deal with his diagnosis, and had simply relied on medication.

The Court finds the ALJ did not commit error in assessing the medical records with regard to Plaintiff's anxiety. The ALJ considered the medical records as a whole and also took

5

into consideration Plaintiff's testimony and the testimony of Dr. Malancharuvil. Therefore, based on the record before the Court, the Court finds the ALJ's determination is supported by substantial evidence on the record as a whole.

### B. The ALJ's RFC Assessment.

RFC assessments are reserved to the Commissioner and are based on the record as a whole. 20 C.F.R. § 404.1527(d)(2). "RFC is defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); citing, *Leckenby v. Astrue*, 487 F.3d 626, 631 n. 5 (8th Cir. 2007)(internal quotations, alteration, and citations omitted). "The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). "However, the burden of persuasion to prove disability and demonstrate RFC remains on the claimant." *Id.* "The record must be evaluated as a whole to determine whether the treating physician's opinion should control." *Id.* When a treating physician's opinions "are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); citing, *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005), citing, *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001). The ALJ must first evaluate the claimant's credibility before determining a claimant's RFC. *Id.*

Here, the ALJ made an RFC assessment stating Plaintiff could return to work after recovering from surgery. Plaintiff testified at the hearing that he himself expected to be fully

6

recovered within a year. The medical records from February 5, 2013 state Plaintiff is restricted from lifting, pushing or pulling greater than 10-15 pounds. They further state Plaintiff has had the ongoing pain for over 3 years and therefore "may find it will take some time to recover" but the acuity of his pain should be much less. Plaintiff argues the ALJ did not account for the surgery. However, the ALJ noted that prior to the surgery there is evidence from February 2012 that Plaintiff reported he had been doing some odd jobs such as plowing snow. Plaintiff also reported to his doctor that he worked in landscaping prior to his surgery. The Court notes there is evidence Plaintiff was able to perform some work prior to his surgery. Further, post-surgery, the ALJ noted Plaintiff's testimony regarding his current ability to perform daily functions.

However, Plaintiff's physical limitations with regard to his back and recent surgery regarding the RFC assessment must be supported by medical evidence in the record. If the medical evidence is insufficient, the ALJ must fully develop the record so it contains the necessary opinion to support the RFC. Further, the vocational expert's testimony was based on a hypothetical that was inconsistent with the medical records regarding Plaintiff's lifting restrictions. Therefore, based on the record before the Court, the RFC with regard to Plaintiff's back, including lumbar disc disease and status post lumbar microdisectomy, is not sufficiently supported by the medical evidence and the Court therefore **REMANDS** the case to the Commissioner for further evaluation of Plaintiff's RFC and expansion of the record with regard to the same.

### C. The ALJ's Consideration of Plaintiff's Credibility.

Plaintiff argues that the ALJ erred in evaluating Plaintiff's credibility. In determining credibility, an ALJ should consider the claimant's prior work history; and observations by third parties and treating and examining physicians relating to daily activities. Duration, frequency and

7

intensity of the pain, dosage, effectiveness and side effects of medications, precipitating and aggravating factors, and functional restrictions are all considerations. *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). However, an ALJ "need not explicitly discuss each *Polaski* facto*r.*" See *Strongson v. Barnhart*, F.3d 1066, 1072 (8th Cir. 2004). If there are inconsistencies as a whole, it is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints. *Id.*

Here, Plaintiff's testimony contained several inconsistencies with the medical evidence. For example, Plaintiff's testimony regarding medical advice to attend therapy for his anxiety disorder was inconsistent with medical records. Plaintiff testified he would be uncomfortable with therapy and had not attempted to try it despite the medical opinion that it would be beneficial. Further, the ALJ found that Plaintiff's testimony regarding his prior drinking problems cast serious doubt on his credibility. For example, Plaintiff testified he never attended any kind of sobriety program, but Plaintiff reported in his medical records that he underwent a mandatory court-ordered twelve month program following a DWI. Plaintiff also denied he drank six to eight beers per night, despite credible medical records indicating Plaintiff had consistently reported doing so. Plaintiff also had other inconsistent testimony that conflicted with the records before the Court and the Court finds the ALJ did not commit error and was in a better position than this Court to assess Plaintiff's credibility.

## **CONCLUSION**

For the reasons set forth herein, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence on the record as a whole**.** Therefore, the Court **ORDERS** that the decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for

further development of the record, and further evaluation of the Plaintiff's RFC with regard to his lumbar disc disease and status post lumbar microdisectomy.

**IT IS SO ORDERED.**

DATED: September 8, 2015

                                              */s/ Douglas Harpool* _____

                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**